Judge Ewing
delivered the Opinion of the Court.
Prior to 1832, George W. Kouns sold and conveyed to John C. Kouns, a tract of land, including a forge and fixtures, on “Twelve Pole,” in Virginia; and John C. jointly with Jacob Kouns, whom he took into partnership in the establishment, executed their ten notes to George W. Kouns — each for a thousand dollars, payable annually.
On the 6th day of October, 1832, David and John Trimble — upon an execution in their favor, against George W. Kouns, returned “no property found,” which had issued on a judgment rendered in their favor, for eleven hundred and forty .one dollars, ninety eight cents, with interest thereon from the 7th day of July, 1832, and costs — exhibited their bill against the Kounses, with an injunction, praying that an amount sufficient to cover his debt, interest and costs, out of said sum due to G. W. Kouns, might be decreed to be paid to him.
On the same day, L. L. & T. T. Shreve, upon the like return, upon an execution which they had sued out, on a judgment recovered by them, against G. W. Kouns, for the sum of two hundred and fifty seven dollars sixty nine cents, with interest from the 26th of May, 1829, and costs, exhibited their bill, with injunction — praying that so much of the demand which might be owing for the forge, &c., as was sufficient to pay their debt, interest and costs, might be decreed to be paid to them.
The restraining orders, in both of the cases, enjoined and restrained the defendant, George W. Kouns, from *406 receiving, and the defendants J. C. and Jacob Kouns from paying, any money, which might be due, or to become due, from the latter two to the former, until the matters could be heard in equity; and process, in both cases, was taken out and duly executed on the same days.
On the 9th of April, 1834, the Trimbles filed a supplemental bill, in which they charge, that George W. Kouns had purchased a large tract of land, on Shadwick creek, from T. Ward and Young, and had taken their bond for the conveyance of the same; but combining with one Richard Maston, to defraud his creditors, had placed the bond in his hands, without consideration, with a view to hinder and delay his creditors; and had made a contract in the name of Maston, with J. C. & J. Kouns, whereby a partnership was formed between them, in the lands on Shadwick, as well as in the forge &c. on Twelve Pole; and they were to erect, on the former, a blast furnace, and each were to be equal partners in both the forge and furnace. And that afterwards, the said George W. had sold out his interest to his two partners, for five thousand dollars — five hundred of which was paid down, and a note, or bill of exchange, for one thousand dollars made to Maston, payable in sixty days, and two other notes executed for seventeen hundred and fifty dollars each — one payable in one year, and the other in two years, from the date. All of which notes were executed by said J. C. & J. Kouns, jointly with George, William, Hugh and Thomas H. Poage. And that said George W., further to evade his creditors, had caused the said notes to be assigned to one Harvie, a fictitious person, or if he be in being, who has no beneficial interest in the same. He makes the said Kounses, Poages, Maston and Harvie parties, and prays that his debt, with interest and costs, may be paid out of the first money that may fall due, and obtains an injunction restraining the payment of any part of the said sums to said George W. Kouns.
At the July term, 1834, the Shreves amended their bill, charging a confederacy between the Kounses, to hinder and delay the creditors of George W. Kouns, *407 and obstruct them in the collection of their debts, and to that end, the notes for the ten thousand dollars had been assigned to one Harvie, a fictitious person, or one who had no interest in them.
John C. and Jacob Kouns, on the same day that the Trimbles’ supplemental bill was filed, answered it, and the original bill — substantially admitting the facts charged in the amendment, and not controverting those contained in the original. But they allege that the payment of one thousand dollars was in a bill of exchange drawn on John Linton of Louisville, payable sixty days afterdate, and had been indorsed by Maston to Harvie, as they were advised. George W. Kouns also answered the bill and amendment — admitting the execution of the notes, and alleging that no fictitious assignment was made of them, to any person, anterior to the 23d September, 1833; and so evasively answering the charge as to the use of the name of Maston, and the assignment of the notes to Harvie, as to leave no doubt that those steps were taken to evade his creditors, and that they, or either of them, had no interest in them.
At the October term, 1835, J. C. & Jacob Kouns answered the Shreves’ bill and amended bill; in which they substantially alleged the facts charged in the Trim-bles’ bill and amended bill as to the contracts between them and George W. 'Kouns, as to the purchase of the forge and formation of partnership between them and Maston, nominally, and the purchase of his interest in the firm, and the execution of the bill of exchange and notes to him. But allege that, the principal part of the ten thousand dollars, to be paid for the forge, had been paid to George W. Kouns, and the residue given up, and the notes cancelled, as a part consideration of the partnership with Maston. But in setting out the amounts paid, the sum falls short of the one half of the amount, so that an amount more than equal to the one half of the ten notes of one thousand dollars each, was surrendered up, upon the formation of the partnership; which was long after the bills of the Trimbles and Shreves were filed, and process served. They further, allege that the bill of exchange had been assigned to Harvie, and *408 suit had been brought on the same, in his name, for the use of one William Ward, in a Court in Virginia. That the first note, of seventeen hundred and fifty dollars, that fell due, had been assigned by Maston to Harvie, and by him to Shreves, Paul and McAndless, and they had brought suit against them in the Greenup Circuit Court, and recovered judgment. And they allege fraud in the pui'chase from Maston; and make their answer a cross bill, make all those interested parties, and enjoin the judgment upon the note: which cross bill was answered, and the matters therein denied, and not being sufficiently sustained by proof, the injunction was dissolved, and the money collected by the assignees of the note.
On the 6th day of April, 1835, Charles W. Dischler, on an execution returned “no property found,” on a judgment in his favor, against George W. Kouns, for the sum of six hundred and seventy two dollars and ninety eight cents, with interest from the 6th day of February, 1832, and costs, exhibited his bill — charging the facts alleged in the Trimbles’ bill and amended bill, in relation to the original and subsequent contracts between the Kounses, and the use of Maston’s name as an evasion, and the assignment of the notes and bill of exchange to Harvie, for the like purpose, and make the Kounses, Maston and Harvie defendants.
At the November term, 1835, they amended their bill —charging that William Ward and James McAndless were in possession of some, or all of the notes and bill of exchange mentioned in his original bill, and that they hold the same in trust for Georgs W. Kouns, “ having no beneficial interest thereinand obtained an order restraining the payment of said sums of money to the extent of his debt, interest and costs.
Ward, Plarvie and Maston failed to answer. J. C. &; J. Kouns answer — alleging the matters substantially alleged by them in their answer to the bill and amended bill of the Shreves, and make their answer likewise a cross bill. McAndless answers — charging a purchase of the note of seventeen hundred and fifty dollars by himself, Paul and Shreves, for a valuable consideration, with *409 out notice of any subsisting equity against it; and states, that, the note bears date the 22d day of February, 1834, and is payable twelve months after date, to Richard H. Maston,- and was indorsed by him to one Carter, and by him to Paul, Shreves and McAndless; and that a judgment had been recovered thereon.
On the 12th day of July, 1836, John C. and Jacob Kouns filed their bill of interpleader against the Trim-bles, the Shreves, Paul, McAndless &c., George W. Kouns, Dischler, Maston, William Ward, Biggs and Beatty &c.: in which they charge that, Maston was used as a mere nominal party, for the benefit of George W. Kouns, and set up the fraud relied on in their answer and cross bill to the Shreves’ bill, and- set forth the prosecution of the then several suits, before stated, against them, for the same demand, and further • allege, that the Trimbles had obtained a decree, and that the bill of exchange was in possession of Ward, who claimed some interest therein, and that Paul &c. had recovered a judgment on the first note that fell due, and that Biggs and Beatty had, since the commencement of .the aforesaid suits in chancery for the debts due from them to George, taken an assignment of the last note, by an arrangement with George, and had recovered a judgment thereon against them; and that they were in danger of being compelled to pay the same debts twice or thrice. They therefore' pray that, they may all inter-plead, and, if the contract' Was not rescinded, that the money might be decreed to be paid to those entitled to it. They prayed and obtained an injunction against Beatty and Biggs’ judgment, and process seems to have been executed upon them alone;
Beatty answered, admitting his knowledge of the pen-dency and proceedings in the aforesaid suits in chancery, at and before he took an assignment of the said note to himself and Biggs, and was counsel for the Shreves and Dischler; that an arrangement was made between those complainants and George W, Kouns, who was desirous to pay those debts, and Biggs who, as executor of McConnell, held a claim on him, by which it was agreed that the note should be assigned to him and *410 Biggs, for the use of these persons, and afterwards, for the use of himself, in payment of fees due .to him; b.ut the amount of eight hundred dollars, out ,pf the same;, was to ke ^rst Pa^ t0 Catlett & Williams, ,who claimed an interest to that extent. But in the agreement, it was “ understood that the Shreves and Dischler were to retain their suits until it could be ascertaine.d whether said note.could be collected.”
A -party is indebt ed by several notes &c. given to the same person ; several suits in chancery are instituted by different creditors of ■ the latter, to sub. ject those debts .to the payment .of their respective demands; & other persons,assignees of some of the notes, institute suits at law, anti recover judgments upon them, which they are about to enforce:— ■the party thus exppsed to the danger.of being compelled to make repeated payments of the same debt, b.as a proper case for a dill of interpleader.
Catlett & Williams were made parties to the bill of .interpleader, and answer — setting up their claim t.o eight hundred dollars, out of the note; but it is not shown when their interest accrued.
The assignment to Biggs and Beatty was made -on the 3d of June, 1836.
The Trimbles having answered, that théir debt had been paid, the bill of interpleader of the Kounses, and the suits of the Shreves and of Dischler were consolidated, at the April term, 1837; and at the July term next thereafter, a decree was rendered — crediting the sum of fourteen hundred and ninety dollars forty cents, paid 'by the Kounses to the Trimbles, on Beatty’s and Biggs’ judgment, and perpetuating the injunction of the complainants in the bill of interpleader, as to that amount., and dissolving it as to the balance, with damages, and .dismissing the bills of Dischler and the Shreves, upon -the alleged ground that there was no money to pay them. From this decree, they and Beatty and Biggs have appealed to this Court.
The facts present a proper case for a bill of inter-pleader. Different persons were setting up claim to the same fund in their hands. And they were in danger of being subjected to a double liability for the same demand. To avoid which, they had a right to appeal to the Chancellor, to direct to whom the payment should be made.
But their bill of interpleader has been prosecuted with great negligence and irregularity. No affidavit ‘has been attached to, or exhibited with the bill, that “it *411 was not prosecuted by fraud or collusion with the complainants, but spontaneously, for his own security.” But as no objection seems to have been made for this omis- . sion, by demurrer or otherwise, the Chancellor was not bound to notice it.
FbiirTnnta--pleader,it seems,should have annexe(j t0 it, an affidavit, that it is not prosecuted by collusion,but,for tl!e comP1j’s security, spontaneously. But the wilinotte' noticed by the caús^of de murrer, or some cepUon™1^ The compl’t in a 4-'seeking anin - • junction against each ofwho^is attempting to co- . h¡mseif'5'Iofltihe same demand, mo°neyintocourv ?r least S\ve for its ultimate fng^^edecree" where there are' divers bills pend-in(r to subject the same debt to the-' g“““g¿it°^.sse& a bill of inter-£arni*hee — •-if8 when any of ‘ heaiTn^the • the others areal-may"bTcoñsolí dated. But, if junction upon tlie bill of interplead er, and there has been gross negligence in preparing it, the court will proceed to' de,cree upo'ft1 the attachment bills, disregarding the bill of interpleader. When a bill is filed to subject a debt due to a deft, to the payment of a debt due by him, the garnishee has no right, after service of process on him, to pay,or satisfy, the debt to his creditor, or any assignee of that creditor, or to merge it in any new contract: to do so is a contempt of the ct. and exposes the garnishee to a decree against him, for the amount, regardless of such previous satisfaction of the debt; especially, when the satisfaction was to one to whom the debt was assigned in order to defeat creditors, & the garnishee was ap prized of that liict.
*411 But no injunction has been asked, or obtained, staying , . ,. . . . . the complainants, the sequestering creditors, in their suits. Nor could such injunction be granted, according , , . . , , , . , to the better practice, without their first paying the fund into Court, which was the subject of contest — (3 Bro. Ch. cases 36; Farris vs. Gilham, Coop. 56)" — or at least giving bond and security fo the complainants' t'o' pay it, in' case a decree was rendered in their favor;which perhaps might bé deemed sufficient by the practice in this country.
Those complainants were not, therefore, bound to' stay the proceedings in their several suits, until the complainants in the bill of interpleader might choose to prepare their case for trial. But had those suits been permitted to remain upon the docket, until they were all prepared, or had the bill of interpleader been prepared for trial at the time that ether suits were set down'for hearing, it perhaps might not have been improper to consolidate and try them all together.
But it seems that when the order for consolidating them was made, as well as when they were set down for hearing, process had not been taken out or served upon the complainants in those suits, or any other of the parties setting up claim to the fund, except Beatty 1 c) i 7 J- •f and Biggs, and Catlett and Williams. The case was, therefore, wholly unprepared for hearing, and the complainants had been güilty of gross negligence in its preparation. It was, therefore, irregular and"erroneous to consolidate the suits, or, by such order of consolidation, to stay the complainants in those suits, or to make their cases await the negligent preparation of the case, 'on the part of the complainants, in the bill of interpleader; and especially, too, when no steps were taken to entitle them to an injunction, and none was obtained.
After the filing of an attachment of process thereon, the garnishee .makes a new contract with the principal debtor (his creditor) in which the attached debts are merged. The attaching creditor then amends his bill, and prays that a portion of the new debts — the first due, may he subjected to his demand : held, that he is is entitled to a decree according to the prayer of his bill; and the garnishee to a corresponding credit upon the contract. But, a bill of exchange and two notes having been given by the garnishee, in making the new contract, and the sum first due being absorbed by the attachment, and the note next due havin': been assigned, upon a valuable consideration, to an innocent holder, and that last due to a party who received it With a full knowledge of the pendency of the attachment suit —the residue of the attaching creditor’s demand (not satisfied by the sum first due,) shall be charged upon the sum last due.-~leuving the innocent assignee to take the benefit of the note assigned to him.
We must therefore take up those cases as if no bill of interpleader had been filed.
Were the Trimbles, therefore, entitled to their decree? We are perfectly clear that they were, and that they had a right to demand its payment from John C. & Jacob Kouns, whether they were exposed to the hazard of losing it or not. The latter were indebted, to George W. Kouns, in a much larger amount than their debt, at the time when their orignal bill was filed, and their injunction obtained, and process served. Maston had no beneficial interest in the demand, if even, at that time, the notes were nominally assigned to him, which does not appear. They had no right, therefore, to pay the money to George W. Kouns, or any other, or to make any arrangement with him, or any one claiming or pretending to claim under him, without the order of the Court. And if they did do so, they were guilty of a contempt to the authority of the Court, and could not thereby escape from their responsibility for the demand. Individuals are not thus slightly to be permitted to slip through the Chancellor’s fingers, and evade responsibility for a just demand; and the more especially, since it turns out that the assignment to Maston was a mere device to evade the grasp of the creditors of George; and there is now strong intrinsic evidence deducible from the facts in the record, as well as their own answer and bill of in-terpleader, which was sworn to by them, and is consequently evidence against them, that they were apprised of it at the time when they made the second contract, that he was a mere catspaw of George, used by him to delude and decieve his creditors.
But as the Trimbles, at the next court after the third contract was made, exhibited their supplemental bill— charging their indebtedness to George on that contract, *413 and obtained an injunction against the payment of any part of the four thousand five hundred dollars, charged to be owing, and as he asked to be paid his debt out of the first money that fell due on the contract, and as there was an amount owing sufficient to discharge his demand, it was proper for the Chancellor to decree its payment out of that fund, according to the prayer of his bill, and to allow a credit to John C. & Jacob Kouns, accordingly. Harvie was charged to be a fictitious person, or mere nominal assignee without interest, and though publication had been made against him, he made no answer, and the bill was properly taken for confessed. And it does not appear in this case, that William Ward had the possession of the note, or bill of exchange; and if he ever had obtained it, that he had done so before the supplemental bill was filed. And if he had in fact done so before, he held it subject to the equity of the Trimbles, as it was made upon the surrender of the notes enjoined, and, in part, if not in whole, consideration of the same. For an amount seems to have been owing equal to the whole amount of the sums agreed to be paid on the third contract. The Trim-bles’ demand, including interest and costs, should, therefore, have been decreed, and when paid, to be allowed as a credit on the bill of exchange, as the sum first due; and as to the residue of their demand, after extinguishing the bill of exchange, it might most equitably be applied as a credit upon the last note due, or the judgment thereon, as that note fell due before the decree was rendered in their favor, and as it had been assigned to Biggs and Beatty, with actual notice of the pendency of the Trimbles’ bills, and long after the other note had been assigned away to Paul, McAndless &c. for a valuable consideration.
Where an attach rnent bill hasbeen filed, and the garnishee, after service of process upon him, makes a new contract, with his creditor, whereby the attached debt is merged — the attaching creditor is, nevertheless, entitled to a decree for the payment of his debt, or as much of it as the debt attached will satisfy. It is incumbent upon the garnishee, in such case, so to prepare the suit, as that he may obtain the proper credits.
The same remarks that have been made in relation to the Trimbles’ orignal bill, and the effect of the proceedings on it, apply with equal force to the original bill of the Shreves. They too had a right to have a decree *414 rendered in their favor, for the amount of their debt', interest and costs, against John C. and Jacob Kouns, as a sum was owing, when their subpmna and restraining' order were served, by the latter to George W. Kouns, more than sufficient to pay their demand, over and above the amount set apart to the demand of the Trim-' bles; and they could not escape from their responsibility for the amount,-by the arrangement afterwards made' with Maston.
When a bill is filed to subject a debt due to a deft, to the payment of a debt due by him, an assignment of bis obligation , after-wards, pendente lite, will not defeat the attachment, nor give the assignee an equity superior to that of the attaching creditor. Nor will an agree ment between the assignee and attaching creditor, that a portion of the sum which may be re covered by the assignee, in an independent suit, shall be applied in discharge of the attaching creditor’s debt, a-mountto a waiver of his prior equity — especially, when he has reserved the right to “'prosecute his suit till he is paid.
*414 But, as neither Maston nor Harvie is-made a party to' the Shreves’ bill, or any charge made against the former, of having made the contracts as the mere instrument of G; W. Kouns, or against' the latter as mere nominal as-signee, without interest; and as no such charge is made against them, in the cross bill of the Kounses, and as no other assignee or holder of the last-notes or bill, has-been brought before the Court, by the complainant,- or the defendants, with suitable allegations to test the origin of the notes and bill, or the character of the interest of the legal holders of the same, we cannot now determine upon which, or whether upon either of the notes and bill executed upon the last contract, the credit shall be allowed to the Kounses. But will leave them to present a proper case for the determination of that question. They alone are interested in this matter, and should have prepared their defence, with a view to its determination. The Shreves were secure in the equity which attached in their favor upon the notes due upon the first contract, and were not bound to waive their lien, or to set up claim to have their debt discharged out of the notes made upon the last contract, or to investigate their origin or character. And all necessary parties were made to entitle him to demand payment out of the notes executed upon the first contract.
The bill of Dischler was exhibited after the last contract was made; and he seeks to subject the debts due upon it, to the payment of his demand, and makes all necessary parties, and proper allegations, to test the origin and character of the notes and bill of exchange. No answer was made by Maston, or Harvie, and the *415 .bill should be taken for confessed against them. And ,the -charge against Ward, that he held the bill in trust for the use and benefit of George W. Kouns, which is unanswered, should also be taken for confessed; and being so taken, would have entitled him to a decree for the payment of his demand out of it, but that the same has been extinguished by the prior claim of the Trim-bles. But as the last note was assigned to Beatty and Biggs, pendente lite, and with actual knowledge of the pendency of this suit, the assignees can stand in no better condition with respect to it, than if it still remained in the possession or under the control of G. W. Kouns, or Harvie, or Maston. The same decree may be had for payment out of it, as if it had not been assigned. Nor do we believe that Dischler has waived or surrendered any lien, or prior equity, which attached in his favor by his suit, by .reason of the arrangement which was made, reserving eight hundred dollars of the amount for Catlett and Williams, as set forth in Beatty’s answer, if said answer could be .used as evidence against Dischler; which is not admitted. He expressly reserves the right to continue and prosecute his suit until the .money, was collected; which clearly indicates his intention not to surrender, but to pursue the.equity set up in his bill. The assignment of the note was received as an auxiliary mean to make his debt, if it could'be made in that way, Without surrendering any equity which he had acquired by his bill. And as Williams and Catlett acquired their interest in the note during the pendency of his suit, and after the equity attached in his favor, or, at least, it is not shown by them, that they acquired it before, he has the prior and better equity to have his debt paid out of the note or judgment, next after the Trimbles’ demand; and the amount, when paid by J. C. & J. Kouns, should be credited on the same, in their favor..
As to the cross bills of the Kounses in this, and in the case of the Shreves, they should be dismissed with costs.
*416 The fraud charged is not made out; nor is the securi-tyship for George W. shown by proof that should be availing against the complainants. Nor are the other allegations in the cross bills established.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and cause remanded, that the injunction of John C. & Jacob Kouns, obtained on their bill of interpleader, may be discharged, as well because of their failure to sustain the fraud alleged — being the ground upon which it was granted — as for negligence in the preparation of their cause. And that a decree may be rendered in favor of the Shreves, on their bill against J. C. & Jacob Kouns, for the amount of their demand, interest and costs. And also, that a decree may be rendered in favor of Dischler, against the same, for the amount of his judgment, interest and costs, to be credited on the judgment rendered in favor of Beatty and Biggs; and that the said Kounses be allowed time to amend their bill, and bring all necessary parties before the Court, to assert their proper credits, upon the payment of the demands decreed against them; and take such othér steps, as may be consistent with equity, and not repugnant to this opinion; and that the cross bills of the Kounses be dismissed, with costs.
The appellants are entitled to their costs in this Court.