## Wedding v. Commonwealth Life Ins. Co. et al.

March 18, 1949.

Rehearing denied June 21, 1949.

Robert Hubbard and Stanley Briel for appellant.

J. Verser Conner and Alvin E. Gibson for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Prior to June 6, 1940, the appellant, Anna Wedding, nee Bennett, owned and operated a restaurant in Louisville, Kentucky, and was assisted by Henry C. Wedding, Jr., whom she had taken in as a partner, he sharing equally in the profits of the business, but the stock and equipment continued to be owned by appellant. On the date mentioned Wedding, while serving as such partner, procured a policy on his life with the appellee, Commonwealth Life Insurance Company, naming as beneficiary therein Anna Bennett, his partner. Later they married and under a provision of the policy Wedding, the insured, applied to the company on September 23, 1940, for a change of beneficiary to appellant as his wife. Sometime later, the date not being given, the parties separated and were later divorced. Following the divorce Wedding, the insured, requested the company to change the beneficiary to his brother, Paul L. Wedding. The request was made in writing and is in these words:

"Relative to Ordinary Policy 240836, on life of Henry C. Wedding, Jr., request is made for change of Beneficiary to Paul L. Wedding, brother. Wife and I are separated and divorced; but I do not want her to have the money or any part of it. If this is a request for change of beneficiary, the right to make further changes of Beneficiary is reserved * * * Dated this 4th day of March, 1946.

"Henry C. Wedding, Jr."

The policy provided, inter alia, that "the Insured without the consent of the Beneficiary, may obtain every benefit, exercise every right, and enjoy every privilege conferred by this Policy unless otherwise provided by endorsement." Another provision says in part that a change in beneficiary should be made "by filing at the Home Office of the Company a written request on the Company's form therefor accompanied by the Policy for endorsement. Such change, either in beneficiary or mode of payment of proceeds of the policy shall take effect only upon endorsement of the same upon the Policy by the Company."

The change, or attempted change, of beneficiary from that of appellant as wife to Paul L. Wedding was not endorsed on the policy by the company, the reason being, as stated in the pleading, that appellant was in

possession of the policy at the time to the exclusion of both Wedding and the insurer.

On March 3, 1948, the insured died and there was then due under the policy the sum of $2,657, less a past due quarterly premium of $14.70. The appellee, Commonwealth Life Insurance Company, filed an answer admitting the foregoing facts and cross-petitioned both the plaintiff and Paul L. Wedding. The latter appeared pursuant to summons and filed an answer and cross-petition against both appellant and defendant company denying the allegations of plaintiff's petition. In that pleading he alleged the facts concerning the acquisition of his interest in the proceeds of the policy and sought judgment of the court in his favor for the amount due under the policy. Plaintiff filed her reply and cross-petition in which she alleged the foregoing facts and in addition thereto she further alleged that after her marriage to Henry C. Wedding, Jr., the insured, and while he was a partner in the profits of the business he appropriated and converted to his own use $3,000 of her money without her knowledge or consent, and that after she received knowledge thereof and apparently after they were divorced, the insured orally agreed with her that if she would thereafter keep the policy alive by paying the premiums due she should be entitled to the proceeds of the policy as a credit on the amount alleged to be due her from him, and that he then pledged the policy to her for that purpose. Paul L. Wedding in his rejoinder thereto denied that alleged claim of appellant.

The defendant, Insurance Company, in its original answer supra, alleged that it was "ready, able and willing to pay same into court, or to such person as may be adjudged to be entitled thereto." It then asked for an order directing it to pay into court the total amount of the policy and "upon the payment of said sum into court, it be adjudged to be free and clear of all liability by virtue of said policy." Its requested order to pay the proceeds of the policy into court was sustained. In its final judgment the court sustained the demurrer of the appellee, Insurance Company, to paragraph (1) of plaintiff's reply, and she refused to plead further. The court then adjudged that the insurance company "is discharged from further liability herein; but said action

is maintained upon the docket for the purpose of determining the respective rights of plaintiff, Anna Wedding, and defendant and cross-plantiff, Paul L. Wedding, to the proceeds of said policy," and from that judgment appellant prosecutes this appeal.

Her counsel in his brief filed in this court to obtain a reversal of the judgment discharging the insurance company from further liability after it paid the proceeds of the policy into court, contends that the agent of the insurance company in collecting the last quarterly premium paid by appellant said to her that "If she should continue to pay the premiums she would receive the proceeds of said policy in case of the death of Henry C. Wedding, Jr. * * * and assured her and stated to her as a fact that so long as there was no endorsement of change of beneficiary (to Paul L. Wedding) she would receive the proceeds in case of the death of the insured." (Our parenthesis). She further alleged that such opinion and advice of the collecting agent "was false and fraudulent and known to the defendant or could have been known to it by the exercise of ordinary care and diligence to be false and fraudulent." She then prayed that she recover judgment against appellee, the insurance company, for the amount of the policy, or if not a judgment for the alleged false and fraudulent statements made by its collecting agent. The argument of her counsel is in support of that claim as made by his client in her pleading. But the legal questions thereby raised appertain and relate exclusively to the issues raised by the pleadings between the two opposing claimants to the proceeds of the policy, i. e., plaintiff, Anna Wedding, and Paul L. Wedding as to which one of them is entitled thereto. The questions as to the authority of the collecting agent to interpret the provisions of the policy and to determine the rights of the parties to the litigation thereunder, or as to whether or not the policy provisions for an endorsement of the change of beneficiary on the policy by the company, was or not for its exclusive benefit, and the question of false and fraudulent advice given by the collecting agent, and others relating to the rights of the two claimants as between themselves, need not be discussed nor determined on this appeal, since the fund paid into court by the insurance company is still held by it and such issues are still

pending and undetermined by the trial court. Therefore, the court properly held that such payment discharged the company from further obligation under its policy contract, which we have so held in numerous cases under similar facts and conditions.

By its cross-petition the insurance company brought into court one of the claimants to the proceeds of its policy and asked that he and plaintiff be required to interplead as to which one is entitled to the proceeds of the policy which practice is supported by the text in 30 A. J. 232, sec. 25, and when so done the text on page 233, sec. 30 says that the ordinary action is automatically changed into ''an equitable suit,'' the language of the section being:

''A substitution of defendants effected under statutory interpleader changes an action, legal in its nature, into an equitable suit, and the principles which govern the remedy in equity then apply. Hence, in the absence of any particular mode of procedure presented for statutory interpleader, it is thought that the practice should be, as far as practicable, that which is adopted by courts of equity in interpleader suits in analogous cases.''

There is no fact appearing in the record militating against the right accorded to a defendant so conditioned as was the appellee, Insurance Company, in this case. The provisions in section 30 of our Civil Code of Practice specifying for an affidavit by the defendant before answer, and for a statement of the absence of collusion on his part, as applicable to the facts of this case were waived by each claimant to the policy proceeds by not raising any objection thereto at the trial, as was held by us in the very early case of Biggs v. Kouns, 7 Dana 405, and which has never been modified but continued to be followed.

We find no grounds to reverse the order of the court in discharging the appellee company from further liability on its policy, and in retaining control of the litigation for future determination as to which one of the two claimants is entitled to the fund in court.

Wherefore, the judgment is affirmed.